UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, <br><br> Plaintiffs <br><br> vs. <br><br> E.J. SMITH CONTRACTING, INC., <br><br> Defendant | C.A. No. 04 10241 EFH |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Sections 1132(a)(3) and (d)(1) and 1145 and Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2. The Court has jurisdiction of this action pursuant to Section 502(a), (e) and (f) of ERISA, 29 U.S.C. Sections 1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## **PARTIES**

3. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. Section 1002(1). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. Section 1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. Section 1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6. Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C.

Section 1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of Section 3(37) of ERISA, 29 U.S.C. Section 1002(37). They are hereinafter collectively referred to as "the Funds."

8. Plaintiff International Union of Operating Engineers, Local 4 ("the Union") is a "labor organization" as defined by 29 U.S.C. Sections 142(3) and 152(5). The Union has its principal place of business at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

9. Defendant E.J. Smith Contracting, Inc. (hereinafter "E.J. Smith" or "the Employer") is a Massachusetts corporation with a principal place of business at 489 Page Street, Stoughton, Massachusetts, and is an employer engaged in commerce within the meaning of Section 3(5) and (12) of ERISA, 29 U.S.C. Section 1002(5) and (12).

## GENERAL ALLEGATIONS OF FACT

10. On or about November 16, 1993 and December 21, 2001, defendant E. J. Smith entered into written agreements with the Union recognizing the Union as the sole and exclusive representative of certain employees and agreeing to be bound to the terms of the Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of the collective bargaining agreement requiring contributions to Plaintiff Funds and to any successor agreements. These agreements are hereinafter referred to as "the Union agreements."

11. Because of the Union agreements, E. J. Smith has been a party to successive collective bargaining agreements with the Union, including the most recent agreement which is effective from June, 2003 through May, 2005 ("the Agreement").

12. The Agreement obligates E.J. Smith to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedule of Wages, and to pay interest at the rate of one percent (1%) per month on contributions which are not received by the last day of the month following the month during which the work was performed.

13. Pursuant to the Agreement, E.J. Smith is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

## COUNT I – VIOLATION OF ERISA – DELINQUENT CONTRIBUTIONS

14. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-13, supra.

15. E.J. Smith has performed work under the terms of the applicable collective bargaining agreements, including during a period between September of 2001 and July of 2003.

16. E.J. Smith failed to pay all contributions owed for this period.

17. In or around May of 2002, E.J. Smith agreed to a payment schedule ("the payment schedule") pursuant to which it would pay delinquent contributions and interest totaling $34,310.01 at the minimum rate of $1,000.00 per month over a period of months.

18. E.J. Smith failed to make all of the payments required pursuant to the payment schedule and has a balance due of $30,310.01.

4

19. E.J. Smith failed to remit additional contributions for work performed during the period beginning in or around September of 2002 through July of 2003. The Funds estimate that, as of July 19, 2003, E.J. Smith owes $14,579.11 in unpaid contributions and partial interest during this period, together with an as yet unliquidated liability for the period of August of 2003 to the present. E.J. Smith also owes additional interest on all delinquent contributions, including those subject to the payment schedule, which continues to accrue through the date of payment.

20. To date, E.J. Smith has failed to pay the Funds $44,889.12 in contributions and partial interest due for the period of September of 2001 through July of 2003. E.J. Smith owes additional interest for delinquent contributions incurred during this period and may be liable for additional obligations incurred thereafter.

21. The failure of E.J. Smith to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates Section 515 of ERISA, 29 U.S.C. Section 1145.

22. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, including contributions now due and owing, and the Funds and their participants will be irreparably damaged.

23. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by Section 502(h) of ERISA, 29 U.S.C. Section 1132(h).

## COUNT II – VIOLATION OF LMRA –
## DELINQUENT CONTRIBUTIONS, DUES AND INTEREST

24. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-23, supra.

25. The failure of E.J. Smith to make contributions on behalf of all covered employees, to remit the union dues it deducted from its employees' paychecks and to pay interest as required by the terms of the collective bargaining agreement violates Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Order the attachment of the machinery, inventory and accounts receivable of defendant E.J. Smith;

b. Enter a preliminary and permanent injunction enjoining E.J. Smith from refusing or failing to make contributions and pay interest to Plaintiff Funds and from refusing or failing to remit union dues to the Plaintiff Union;

c. Enter judgment in favor of the Plaintiff Funds in the amount of $44,889.12 plus any additional amounts determined by the Court to be owed by E.J. Smith or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. Section 1132(g)(2);

d. Enter judgment in favor of the Plaintiff Union for all union dues owed by E.J. Smith or which may become due during the pendency of this action, together with interest and attorney's fees in accordance with 29 U.S.C. Section 185; and

e. Such further and other relief as this Court deems appropriate.

> WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTENATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et als.
>
> By their attorney,
>
> _____
> Randall E. Nash
> BBO #546963
> 11 Beacon Street, Suite 500
> Boston, MA 02108
> (617) 742-5511

Dated: February 3, 2004

7