## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

WILLIAM RYAN and JOHN J. SHAUGHNESSY,        )
as they are TRUSTEES, INTERNATIONAL UNION        )
OF OPERATING ENGINEERS LOCAL 4 HEALTH        )
AND WELFARE, PENSION, AND ANNUITY FUNDS,        )
and LOUIS G. RASETTA and CHRISTOPHER        )
BARLETTA, as they are TRUSTEES, HOISTING AND        )
PORTABLE ENGINEERS LOCAL 4 APPRENTICE        )
AND TRAINING FUNDS and INTERNATIONAL        )
UNION OF OPERATING ENGINEERS, LOCAL 4,        )        C.A. No. 04-10241-EFH
                                                                                  )
                                                Plaintiffs        )
vs.                                                                               )
                                                                                  )
E.J. SMITH CONTRACTING, INC.,        )
                                                                                  )
                                                Defendant        )

### MEMORANDUM IN SUPPORT OF
### MOTION FOR DEFAULT JUDGMENT

### <u>Introduction</u>

This is an action to compel the payment of delinquent employee benefit fund

contributions pursuant to the Employee Retirement Income Security Act of 1974, as

amended, ("ERISA"), specifically 29 USC Section 1132, and the payment of delinquent

contributions and other monies owed pursuant to the Labor Management Relations Act

("LMRA"), 29 USC Section 185.  The plaintiffs are the trustees of the International

Union of Operating Engineers Local 4 fringe benefit funds ("the Funds") and the

International Union of Operating Engineers Local 4 ("the Union").  The defendant is E.J.

Smith Contracting, Inc. ("Smith").

The docket reflects that the complaint in this matter was filed on February 4, 2004. Smith was served on March 15, 2004. Default was entered on June 29, 2004. The plaintiffs now move for default judgment.

The Funds have satisfied the requirements of Rule 55 of the Federal Rules of Civil Procedure and this court's Standing Order Regarding Motions for Default Judgment by providing the attached Affidavits of James P. Bucci and Randall E. Nash. These affidavits: (a) substantiate entitlement to the damages or remedy sought, (b) satisfy the Soldiers and Sailors Relief Act, and (c) demonstrate that no party against whom default is sought is an infant or incompetent person. For the reasons set forth below, default judgment should enter against Smith in the amount of $68,713.64.

**Argument**

**DEFAULT JUDGMENT SHOULD ENTER AGAINST SMITH IN THE AMOUNT OF $68,713.64.**

**Count I**
**The ERISA Claim**

Section 515 of ERISA states as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 USC Section 1145.

Section 502(g)(2) of ERISA provides that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-

> (A) the unpaid contributions,

(B)  interest on the unpaid contributions,
(C)  an amount equal to the greater of-
    (i)  interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in
      excess of 20 percent (or such higher percentage as may be permitted
      under Federal or State law) of the amount determined by the court
      under subparagraph (A)
(D)  reasonable attorney's fees and costs of the action, to be paid by the
    defendant, and
(E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be
determined by using the rate provided under the plan, or, if none, the rate
prescribed under section 6621 of Title 26.

29 USC Section 1132(g)(2).

In this case, the Funds seek to enforce the obligations of Smith to contribute to

multiemployer plans in accordance with Section 515 of ERISA. 29 USC Section 1145.

Complaint, Affidavit of James P. Bucci. Smith has defaulted. Accordingly, pursuant to

Section 502(g)(2), 29 USC Section 1132(g)(2), the Funds are entitled to the following

damages:

    A. Unpaid Contributions

Based upon information available at this time, the unpaid contributions during the

period from September of 2001 through October of 2003 total $53,782.25. Affidavit of

James P. Bucci at pars. 7-8, 12.

    B. Interest On the Unpaid Contributions

Section 515(g)(2) states that "interest on unpaid contributions shall be determined

by using the rate provided under the plan . . . ." 29 USC Section1132(g)(2). In this case,

the applicable collective bargaining agreement provides for the assessment of interest at

the rate of one percent (1%) per month. Affidavit of James P. Bucci, Exhibit 2. The

interest due, as of December 31, 2004, is $4,815.32. Id. at par. 9.

C. Additional Interest on the Unpaid Contributions

Section 515(g)(2)(C) provides for an additional award in "an amount equal to the greater of – (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan . . . ." In this case, there are no provisions for liquidated damages in the plan documents. Affidavit of James P. Bucci at par.5. Therefore, the Funds are entitled to an additional award of interest in the amount of $4,815.32.

D. Reasonable Attorney's Fees and Costs

The Funds have incurred reasonable attorney's fees and costs in the amount of $4,260.88. Affidavit of Randall E. Nash, Exhibit 1.

## Count II
## The LMRA Claim

Labor organizations may sue for violations of collective bargaining agreements pursuant to Section 301 of the LMRA. 29 USC Section 185. In this case, Smith has not only failed to contribute to the Funds as required by the collective bargaining agreement, it has also failed to remit union dues owed to the Union and voluntary deductions owed to the Social and Political Action Committee (SAC/PAC) Funds administered by the Union. These obligations, like the benefit fund contribution obligations, arise under the collective bargaining agreement and are subject to enforcement pursuant to Section 301of the LMRA.

A. Union Dues

Based upon information available at this time, the dues to the Union for the period from September of 2002 through October of 2003 total $958.16. Affidavit of James P. Bucci at par. 11.

B. SAC/PAC Contributions

Based upon information available at this time, the SAC/PAC contributions owed for the period from September of 2002 through October of 2003 total $81.71. <u>Affidavit of James P. Bucci at par. 11</u>.

*    *    *

For all of the foregoing reasons, default judgment should enter in the amount of $68,713.64, consisting of the following items:

| | |
|---|---|
| Unpaid Contributions | $53,782.25 |
| Interest | 4,815.32 |
| Additional Interest | 4,815.32 |
| Union Dues | 958.16 |
| SAC/PAC Contributions | 81.71 |
| Attorney's Fees and Costs | 4,260.88 |
| Total | $68,713.64 |

### Conclusion

For all of the foregoing reasons, default judgment should enter against Smith in the amount of $68,713.64. A form of default judgment is attached.

Respectfully submitted,

PLAINTIFFS,
WILLIAM RYAN and JOHN
J.SHAUGHNESSY, as they are
TRUSTEES, INTENATIONAL UNION OF
OPERATING ENGINEERS LOCAL 4
HEALTH AND WELFARE FUND, et al

By their attorney

Randall E. Nash
BBO #546963
11 Beacon Street, Suite 500
Boston, MA 02108
(617)742-5511

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon E.J. Smith Contracting, Inc. by mail on December  7 , 2004.

Randall E. Nash